UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MICHAEL PERKINS,

        Plaintiff,

        - against -

NEW YORK CITY; NEW YORK CITY POLICE
DEPARTMENT COMMANDER AND CHIEF OR
COMMISSIONER; P.O. CHRISTIAN VALENZUELA,
#19271; P.O. ANTHONY LAFEMINA, #11439; P.O.
JACKSON; P.O. JOHN DOE #1; and P.O. JOHN DOE #2

        Defendants.
------------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-423 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Michael Perkins, who is incarcerated on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Perkins' request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The claims against the City of New York and the Police Commissioner are dismissed *sua sponte*. The claims against the remaining police officers may proceed.

## BACKGROUND

The following facts are taken from the Amended Complaint and are assumed to be true for purposes of this Order.[2] On August 9, 2015, Jordan Card was the alleged victim of a robbery. (Amend. Compl. at 3.) That same day, defendant Police Officer Valenzuela[3] showed Card a

---

[1] On January 24, 2017, Perkins submitted documents entitled "Complaint" (Doc. No. 1), and "Amended Complaint." (Doc. No. 3.) Perkins asserts that he delivered the initial "Complaint" to prison authorities on November 14, 2016. The "Amended Complaint" is dated December 6, 2016. The Commissioner is not named in the caption but appears in a list of defendants within the Complaint.

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

[3] This defendant's name is spelled differently in the caption and in the body of the Complaint.

single photograph of Perkins, and Card positively identified him as the individual who robbed him. (*Id.*) Thereafter, defendant Police Officer LaFemina showed Card a photo array containing Perkins' photograph in the fourth slot. (*Id.*) On August 23, 2015, LaFemina asked Perkins to participate in a lineup, and he refused. (*Id.* at 4.) At that point, "police officer LaFemina #11439 and several other police officer[]s assaulted the Plaintiff and forced the Plaintiff to partake in said lineup by handcuffing the Plaintiff to the wall and placing leg irons on the Plaintiff's ankles . . . and forced the Plaintiff to sit in position number four just as he place[d] the single photograph of the Plaintiff in slot number four of the photo array." (*Id.*)

The Complaint further alleges that Defendant Sergeant Jackson failed to properly supervise his subordinates and that the "Commander and Chief or Commissioner is named as defendant[]s due to their failure to properly train the officer[]s." (*Id.*) Perkins alleges that the defendants' conduct violated his constitutional rights under the Eighth and Fourteenth Amendments and seeks $16,500,000 in damages. (*Id.* at 4–5.)

## STANDARD OF REVIEW

In a civil action in which a prisoner seeks redress from a government entity or its officers, 28 U.S.C. § 1915A requires the district court to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Where a complaint is brought *in forma pauperis*, a district court must dismiss the case if it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the district court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### A. Section 1983

The complaint alleges the jurisdiction of this Court pursuant to the Civil Rights Acts, codified at 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* A § 1983 plaintiff seeking to recover money damages must establish that the named defendants were personally involved in the alleged wrongdoing. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Perkins' only allegation against the Police Commissioner is the vague assertion of a "failure to properly train the officer[]s." However, "[t]o state a claim under § 1983 for failure to train, a complaint must allege that the supervisor's failure to train his employees amounts to

deliberate indifference to the rights of persons with whom the employees came into contact." *Schnitter v. City of Rochester*, 931 F. Supp. 2d 469, 475 (W.D.N.Y. 2013), *aff'd*, 556 F. App'x 5 (2d Cir. 2014), (quoting *Connick v. Thompson,* 563 U.S. 51, 60 (2011) (alterations, quotation marks, and additional citations omitted). Perkins' conclusory assertion, unsupported by any factual allegations that the Commissioner failed to properly train police officers, is insufficient to establish personal involvement in the alleged violation of Perkins' constitutional rights. *See Cox v. Fischer*, No. 13-CV-743M, 2014 WL 843897, at *2 (W.D.N.Y. Feb. 27, 2014) (collecting cases). Accordingly, the Police Commissioner is dismissed as a defendant.

A municipality, such as the City of New York, can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)), *cert. denied*, 132 S. Ct. 1741 (2012). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). In this case, Perkins has not alleged any unconstitutional policy or custom. Accordingly, the City of New York is dismissed as a defendant.

### B. John Doe Defendants

Perkins' claims may proceed against the remaining defendants. The United States Marshals Service cannot serve the John Doe defendants without further identifying information.

The problem encountered by Perkins is a common one, as it is frequently difficult for *pro se* litigants to identify individual law enforcement officers. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying such defendants. Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to attempt to ascertain the full names of the John Doe officers who were involved in the alleged assault and forced participation in the lineup on August 23, 2015. Corporation Counsel shall provide this information to the Court within 45 days of the date of this Order.

## CONCLUSION

For the reasons set forth above, all of the claims against the City of New York and the Police Commissioner are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these defendants.

Perkins' claims shall proceed against the individual police officers. The Court respectfully directs the Clerk of Court to issue summonses against the remaining named defendants and directs the United States Marshals Service to serve the summonses and copies of the complaint on them. The Clerk of Court shall mail a copy of this Order and the Complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the John Doe defendants, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information and to issue summonses against the officers. The United States Marshals Service is directed to serve these defendants once summonses are issued. The Court refers this matter to Magistrate Judge Cheryl L. Pollak for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Perkins and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
   June 20, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge