UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL PERKINS,

        Plaintiff,

  - against -

CHRISTIAN VALENZUELA, ANTHONY
LAFEMINA, JACKSON, JOSEPH HICKEY,
KEENEN ADAM-EDWARDS, DIAZ-MOJICA,
JOHN DOE #1,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-423 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

    While awaiting trial in the Brooklyn Detention Center, plaintiff Michael Perkins commenced this *pro se* action against members of the New York Police Department alleging violations of his civil rights. Before the Court is defendants' motion to dismiss for failure to prosecute. For the reasons that follow, defendants' motion is granted and this action is dismissed with prejudice.

## BACKGROUND

    On January 24, 2017, Perkins filed a complaint alleging violations of civil rights by members of the New York Police Department. (Compl. (Doc. No. 1).) At that time, Perkins was awaiting trial at the Brooklyn Detention Center. (*Id.*) Perkins was ultimately convicted of attempted robbery in the third degree and sentenced to two-to-four years' imprisonment.[1] On December 7, 2017, Perkins filed the Second Amended Complaint ("SAC"), the operative

---

[1] *See* New York State Department of Corrections and Community Supervision ("DOCCS") "Inmate Lookup" http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited January 19, 2021). The Court may take judicial notice of Perkins' DOCCS inmate lookup information. *See Johnson v. City of New York*, No. 15-CV-8195 (GHW), 2017 WL2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) (collecting cases).

pleading in this action, while incarcerated at Downstate Correctional Facility. (SAC (Doc. No. 31).) Between December 7, 2017, and May 29, 2018, Perkins sent frequent correspondence to the Court with various requests: seeking a copy of the *pro se* manual (Doc No. 36); inquiring into the status of service on defendants (Doc. No. 42); requesting appointment of counsel (Doc. No. 48). On April 5, 2018, Perkins was granted parole.[2] About one week after he was granted parole, he notified the Clerk's office of his change of address. (Doc. No. 51.) About six weeks after that in a letter dated May 29, 2018, he wrote to the Court providing an updated address and inquiring about the status of his request for appointment of counsel, among other things. (Doc. No. 52.) In a Memorandum and Order dated July 9, 2018, Chief Magistrate Judge Cheryl L. Pollak denied Perkins' motion to appoint counsel without prejudice to renew after discovery and upon a showing of potential merit. (Doc. No. 53.) The Clerk's office mailed that Memorandum and Order to Perkins the same day. Since Perkins' May 29, 2018, letter and the subsequent denial of his motion to appoint counsel, Perkins has not appeared in this action or responded to a single court order.

Perkins was ordered to serve his opposition to defendants' motion to dismiss by September 12, 2018, (Scheduling Order of 7/12/2018), and failed to do so (*see* Defendants' Letter re: Scheduling Order (Doc. No. 57)). The Court ordered Perkins to show cause in writing on or before October 19, 2018, "stating whether he intends to file a brief opposing defendants' motion to dismiss, and (2) if he does, submitting a proposed briefing schedule with the consent of defendants, if possible." (Order to Show Cause of 10/1/2018.) The Court further warned Perkins that "[f]ailure to timely respond to this Order to Show Cause may result in the Court granting defendants' request to consider their motion fully briefed." (*Id.*) The Court directed

---

[2] *See* DOCCS "Inmate Lookup" http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited January 19, 2021).

defendants to mail a copy of the Order to Show Cause and file proof of service on the docket, which defendants did the next day. (Affidavit of Service (Doc. No. 59).) Perkins failed to respond to the Order to Show Cause and the Court granted defendants' request to consider the motion fully briefed. (Doc. No 59.) (Order of 11/09/2018.)

By letter dated November 14, 2018, defendants informed the Court that the motion papers that they had served on Perkins were inadvertently misaddressed – served at 111-20 160th Street rather than 111-22 160th Street. (Defendants' Letter (Doc. No. 67.) The letter noted that none of the papers were returned as undeliverable. (*Id.*) In light of the error, the Court terminated defendants' motion to dismiss and ordered a modified briefing schedule to allow Perkins additional time to serve an opposition. (Order of 1/22/2019.) Perkins failed to file opposition papers.

In a Memorandum and Order issued on September 27, 2019, the Court granted in part and denied in part defendants' motion to dismiss and provided Perkins 30 days' leave to amend certain dismissed claims. (Memorandum and Order (Doc. No. 78).) The Court directed the Clerk of Court to send Perkins by overnight mail the Memorandum and Order, which the Clerk did the next day. Perkins failed to file an amended complaint.

On December 11, 2019, the remaining defendants filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), (Mot. to Dismiss (Doc. No. 79)), which the Court construed as a pre-motion conference request, (Order of 12/12/2019). The Court ordered Perkins to respond to the pre-motion conference request by December 20, 2019, and directed the Clerk of Court to mail Perkins a copy of the Order, which the Clerk did. (Order of 12/12/2019.) Perkins failed to respond to the pre-motion conference request. On January 29, 2020, the Court set a briefing schedule on defendants' motion to dismiss and ordered Perkins to

3

serve his opposition by April 13, 2020. (Order of 1/29/2020.) The Court directed the Clerk to mail a copy of the Order to Perkins, which the Clerk did the next day. Again, Perkins failed to serve an opposition.

On July 9, 2020, defendants filed their unopposed motion to dismiss for lack of prosecution pursuant Federal Rule of Civil Procedure 41(b). (Mot. to Dismiss (Doc. No. 88).) Defendants argue that they are entitled to dismissal under the Second Circuit's *Baptiste* test, which lays out five factors courts must consider when ruling on a motion to dismiss for failure to prosecute. (*Id.* at 6.)

## DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss a case when "the plaintiff fails to prosecute or to comply with these rules or a court order." *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (noting that the standard of review is abuse of discretion). Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Dismissal with prejudice is "the harshest of sanctions" and *pro se* complaints should only be dismissed for failure to prosecute "when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citations omitted).

In deciding a motion for a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* No single factor is

4

dispositive and, in weighing the five factors, a court must consider the record of the entire case as a whole. *Lewis*, 564 F.3d at 576. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

In considering whether dismissal is proper, the Court finds that all of the factors noted above weigh in favor of dismissal. First, despite actively prosecuting this case upon filing, it has now been well over two years since Perkins responded to court orders or appeared in the case. Perkins was ordered to show cause twice in 2018 and failed to respond and he has failed to comply with the Court's scheduling orders setting briefing schedules by failing to serve opposition papers on two motions. These delays were substantial and repeated.

Second, Perkins was on notice that his failure to comply would result in dismissal by at least December 12, 2019, when the Court ordered Perkins to respond to defendants' pre-motion conference request and set forth "the legal and factual bases on which plaintiff intends to rely in opposing defendants' proposed motion to dismiss, and explaining why this case should not be dismissed for failure to prosecute." (Order of 12/12/2019.) Perkins failed to respond to that Order. Perkins also failed to oppose the instant motion to dismiss for failure to prosecute, which argues that his repeated failure to comply with court orders and general absence should result in dismissal. Perkins was on notice of the arguments in this motion because defendants served the motion on Perkins at his last known address.

Third, case law establishes a presumption that a plaintiff's unreasonable delay may prejudice the defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Here, Perkins has unreasonably delayed the case by ignoring court orders and deadlines without requesting extensions of time or offering any cause

5

for noncompliance.  In addition, defendants point to the fact that the incident alleged in the Second Amended Complaint occurred in August 2015, well over five years ago.  This passage of time causes memories to fade, evidence to become stale or lost, and in these and other ways prejudices defendants.

Fourth, the Court has a need to avoid calendar congestion and ensure the timely disposition of cases.  Because Perkins has willingly sacrificed numerous opportunities to continue with his case, the Court's needs outweigh Perkins' interest in receiving additional chances to be heard.

Fifth, it is clear from Perkins' repeated unwillingness to comply with court orders and meet court deadlines that no sanction less drastic than dismissal is appropriate.  Not only has Perkins repeatedly failed to comply with Court orders, Perkins' more than two-year-long silence leaves the Court's ability to even communicate a lesser sanction in doubt.  Accordingly, defendants' motion to dismiss for failure to prosecute is granted.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss for failure to prosecute is granted.  The Clerk of Court is respectfully requested to enter judgment and to close this case.  The Clerk of Court is further directed to mail a copy of this Memorandum and Order and the accompanying judgment to the *pro se* plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

<div style="display:flex;justify-content:space-between">

Dated: Brooklyn, New York
       March 26, 2021

SO ORDERED.

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

</div>

7